■ In the Matter of IRENE F. et al.— Orders entered in the Family Court, New York County, on November 4, 1974, denying appellant's motion for an *in camera* inspection by the Family Court of certain records of the New York City Department of Social Services and also denying appellant's motion for leave to photocopy extracts of psychiatric, medical and school reports contained in previously disclosed portions of respondent St. Christopher's Home's

case records, unanimously reversed, on the law and the facts, and both motions granted without costs. The Family Court is directed to inspect the aforesaid records *in camera* and delineate the portions to be disclosed to appellant. This disclosure relief was previously granted appellant foster mother by this court in *Matter of Carla L.*, (45 A D 2d 375, 385–387). Appellant and the Commissioner of Social Services requested the Family Court to make an *in camera* inspection pursuant to *Matter of Carla L.* and to determine the extent of disclosure to be allowed. The application was denied without any stated reason. The record discloses no valid basis for the denial and, therefore, we reverse and order compliance. Appellant also seeks to photocopy certain psychiatric, medical and school reports contained in portions of respondent's records that had previously been disclosed and inspected by appellant's counsel. Respondent's arguments asserted against photocopying are general in nature and were rejected in *Matter of Carla L. (supra)*. The photocopying should be done under the close supervision of the Family Court which may direct counsel to limit the number of copies and their uses and in a proper case issue protective orders. Such procedure would conform with the spirit of this Court's prior opinion in *Matter of Carla L.* and would strike an appropriate balance between the competing interest involved. Settle order on notice. Concur — Stevens, J. P., Markewich, Tilzer, Capozzoli and Nunez, JJ.